J. S61010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                      v.               :
                                        :
MARK THOMAS VORON,          :          No. 1876 WDA 2013
                                        :
             Appellant      :

Appeal from the Judgment of Sentence, October 25, 2013,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-CR-0001926-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED OCTOBER 14, 2014**

Appellant, Mark Thomas Voron, appeals from the judgment of sentence entered October 25, 2013, following his conviction of driving under the influence (DUI)--general impairment, 75 Pa.C.S.A. § 3802(a)(1), DUI--highest rate, 75 Pa.C.S.A. § 3802(c), and failure to signal a turn, 75 Pa.C.S.A. § 3334(b).  Appellant was sentenced to five years' intermediate punishment with six months of electronic home monitoring.  We affirm.

The trial court set forth the pertinent facts as follows:

> In the instant case[,] the testimony showed that [appellant] was operating a motor vehicle in the Borough of Manor on March 25, 2012.  At approximately 2:15 a.m. in the morning[,] the appellant approached a stop sign located on Main Street in Manor Borough.  The stop sign is located at the intersection of Main Street in Manor Borough and State Route 993.  The officer testified that the vehicle operated by [appellant] stopped at the stop

---

* Retired Senior Judge assigned to the Superior Court.

sign and then proceeded to make a left-hand turn from Main Street onto State Route 993.

The police officer further testified that the appellant turned his vehicle from Main Street left onto State Route 993 without the use of a turn signal.

The officer testified that he stopped the operator of the vehicle for failure to use a turn signal at the stop sign when he had proceeded from Main Street as he changed lanes and direction of travel onto State Route 993.

As a result of stopping the motor vehicle[,] the police officer indicated that there was an odor of alcoholic beverage on the appellant, that his eyes were bloodshot and glassy and that he had slurred speech. The officer further testified that the appellant unsatisfactorily performed field sobriety tests and that he was placed under arrest for driving under the influence of alcohol to a degree which rendered him incapable of safe driving. Eventually [appellant] submitted to a blood alcohol test and his blood alcohol level was determined by the Pennsylvania State Police crime laboratory to be a[t] .254 percent.

Trial court opinion, 1/17/13 at 2-3.

A preliminary hearing was held on May 22, 2012, and all charges were held for court. On January 23, 2013, appellant filed a motion to suppress claiming Officer Justin Susich of the Manor Borough Police Department lacked probable cause to stop his vehicle because there is no duty to signal at a stop sign. The suppression court, relying on the preliminary hearing transcript, denied the motion on January 25, 2013. Following a bench trial

on October 25, 2013, appellant was convicted and sentenced as previously indicated.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant presents two questions for our review:

> I. DID THE APPELLANT'S LACK OF USE OF A TURN SIGNAL WHEN HE WAS STOPPED AT A STOP SIGN VIOLATE TITLE 75 [Pa.C.S.A.] § 3334(A) OF THE VEHICLE CODE TO GIVE OFFICER JUSTIN SUSICH OF THE MANOR BOROUGH POLICE A LEGAL BASIS TO STOP [APPELLANT] WHILE HE WAS TRAVELLING IN HIS VEHICLE ON THE HIGHWAYS IN THE STATE OF PENNSYLVANIA?
>
> II. DID THE COURT ERR IN RULING THAT OFFICER SUSICH HAD PROBABLE CAUSE TO SUPPORT A VEHICLE STOP OF THE APPELLANT'S VEHICLE?

Appellant's brief at 1.

Appellant concedes that he did not use his turn signal. Appellant argues the statute governing duties at stop signs, 75 Pa.C.S.A. § 3323 of the Motor Vehicle Code, does not include the use of a turn signal. Based on that section, appellant argues a driver is not required to indicate his intention to turn left or right to other drivers. Appellant goes on to argue because the legislature has set forth the duties of the driver at a stop sign, he does not believe the court can read 75 Pa.C.S.A. § 3334, **Turning**

**Movements and Required Signals**, to require a driver to perform a "vain and useless act." (Appellant's brief at 15.)

We begin our discussion by pointing out appellant was not charged with a violation of Section 3323. Officer Susich testified appellant stopped at the stop sign at the intersection of Main Street and State Route 993. Officer Susich stopped appellant's vehicle based on his belief that appellant violated Section 3334, which in pertinent part, provides:

> **§ 3334.   Turning movements and required signals**
>
> **(a)   General rule.--**Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.
>
> **(b)   Signals on turning and starting.--**At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour. The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.

75 Pa.C.S.A. § 3334.

Based on the plain language of Section 3334, the use of an appropriate signal is required anytime someone is turning. It is clear from

the above language that the legislature intended to require signals to be used anytime a vehicle turns or changes lanes. As such, it was appellant's duty when turning, not when stopping, that resulted in the violation.

Appellant contends the use of a turn signal is only required in three situations: first, when the motorist is going to change lanes at a speed above 35 miles an hour; second, when the motorist is moving but traveling at less than 35 miles an hour; and third, when a car is in a situation of no movement and is in a "parked position." Appellant notes that the definition of "parked" does not include a vehicle stopped at a stop sign. (Appellant's brief at 16.)

We believe the language of Section 3334(b) makes clear the manner in which a turn signal is to be used. A vehicle traveling at speeds less than 35 miles per hour must give an appropriate signal of intention to turn right or left continuously during not less than the last 100 feet traveled by the vehicle before turning. It is obvious that a vehicle approaching a stop sign is traveling at less than 35 miles per hour. Therefore, a driver must signal not less than 100 feet before turning. Since appellant did not signal at all, he did not signal in the manner required by the statute.

In support of our holding, we note the recent case of **Commonwealth v. Brown**, 64 A.3d 1101 (Pa.Super. 2013). In **Brown**, appellant argued that the lane from which he was turning was designated for left lane turns only, giving him no option other than to turn left. Appellant did not use his

signal because he argued being in the lane is already a signal of his intention to turn. In rejecting appellant's argument, the **Brown** court stated, "The statute requires use of a signal lamp or a hand signal when making a turn, and provides no exception for turns made from a lane designated for turns only." **Id.** at 1106. Thus, the officer was justified in initiating the traffic stop. Instantly, it does not appear appellant was in a designated turning lane; however, the statute specifically provides that no person shall turn a vehicle without giving an appropriate signal. The statute provides no exception to this requirement, and absent legislative direction, we decline to create an exception that the legislature did not see fit to include. If a turn is made from one street to another, a signal is required.

In his second issue, appellant argues the trial court erred in ruling that Officer Susich had probable cause to support a vehicle stop of his vehicle. A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the Motor Vehicle Code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. 75 Pa.C.S.A. § 6308(b). However, if the violation is such that it requires no additional investigation, the officer must have probable cause to initiate the stop. **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa.Super. 2010), **appeal denied**, 25 A.3d 327 (Pa. 2011).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to

>warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime.

**Commonwealth v. Thompson**, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks omitted).

>The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

**Id.** (emphasis in original) (internal citations and quotation marks omitted). Pennsylvania law makes clear, however, that a police officer has probable cause to stop a motor vehicle if the officer observed a traffic code violation, even if it is a minor offense. **Commonwealth v. Chase**, 960 A.2d 108, 113 (Pa. 2008).

In this case, Officer Susich testified that he witnessed appellant fail to use a turn signal when turning left onto State Route 993 from Main Street. (Notes of testimony, 5/22/12 at 9, 19.) It is clear that Officer Susich had articulable and reasonable grounds to suspect that appellant violated Section 3334(a) pertaining to turning movements and required signals. There is no question that Officer Susich had probable cause to stop appellant for a violation of the Motor Vehicle Code. Simply stated, if a turn is made from one street onto another, a signal is required. Because appellant committed a traffic violation by failing to signal before his turn, Officer Susich was authorized to make a traffic stop.

Accordingly, the judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014